I concur in the majority opinion except that portion of the opinion relating to "retrainability." I respectfully dissent from the majority's conclusion that there is no evidence to support a finding that the employee *Page 1047 
"was incapacitated from being retrained for gainful employment" and therefore reversal is required.
The Code of Alabama of 1975, § 25-5-57 (a)(4)d is as follows:
 The total and permanent loss of the sight of both eyes or the loss of both arms at the shoulder or any physical injury or mental impairment resulting from an accident, which injury or impairment permanently and totally incapacitates the employee from working at and being retrained for gainful employment, shall constitute permanent total disability and shall constitute the sole bases on which an award of permanent total disability may be based; provided, that any employee whose disability results from such injury or impairment and who shall have refused to undergo physical or vocational rehabilitation shall not be deemed permanently and totally disabled. (Emphasis supplied.)
As I view the record in the instant appeal, there was absolutely no evidence[1] presented by either party concerning the "retraining," etc., of the employee. Additionally, no issue was presented to the trial court concerning retrainability.
As the majority states, there is evidence to support the trial court's finding that the employee was totally and permanently disabled. Furthermore, the majority states that implicit in the finding that the employee was permanently and totally disabled is the finding that the employee could not be retrained.
I agree with the majority regarding these aspects. Where I "part company" with my learned and distinguished colleagues is when they go further and conclude there was no evidence to support the implicit finding of "no retrainability." This conclusion is, in the instant appeal, inconsistent with the "implicit finding."
In this instance, the same evidence that supports the finding of permanent total disability supports the implicit finding that the employee is not retrainable.
To reverse in this instance, is, to me, to tell the trial courts of this state that even though there is no issue presented or evidence elicited regarding retrainability, and even though there is evidence to support the finding of permanent total disability, the burden is on the employee to negate the possibility of retrainability. Furthermore, the majority opinion stands for the proposition that if the employee under these circumstances does not present such evidence to meet this burden, the appellate courts will reverse.
To put the above interpretation on the pertinent statute is an undue and unfair burden on the employee and is not mandated by the statute.
Needless to say, I would not reverse the trial court on this aspect of the appeal.
[1] The evidence alluded to in the majority's opinion concerning the operation of an elevator, was, to me, clearly not presented in any issue of retrainability. Furthermore, it is not addressed to "gainful employment" as contemplated by the statute.